IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.                                                    Case No: 99-10119-NG

MANUEL O. RIVERA
    petitioner.

PETITIONER'S MEMORANDUM OF LAW IN

SUPPORT OF HIS 28 U.S.C. § 2255 MOTION TO VACATE

NOW COMES, the petitioner appearing pro se in the above matter, respectfully requesting that the Honorable Court grant this, his Motion to Vacate his Sentence, and would show the Court as follows:

STATEMENT OF FACTS

On September 11, 2000, Petitioner Manuel O. Rivera pled guilty to a superseding Information charging him and three co-defendants with conspiring to possess with intent to distribute in excess of five kilograms of cocaine, and charging Rivera alone with four substantive distributions of cocaine. Rivera negotiated a plea agreement reserving his right to argue for a role reduction in his offense level, after his sentencing, which was denied at sentencing and on direct-appeal to the First Circuit Court of Appeals. On May 31, 2002, the conviction was affirmed. On November 19, 2002, a 28 U.S.C. § 2255

Motion to Vacate. The sole issue raised by River's petition is whether or not he recieved effective assistance of counsel. The petition was denied on Februrary 5, 2004.

The instant motion is filed in light of the U.S. Supreme Court decisions in <u>Blakely v. Washington</u>, <u>Booker/Fanfan</u>, which should be retroactively applied to the petitioner, and should allow the petitioner to file the instant petition 'one-year' from the <u>Blakely</u> and/or <u>Booker</u> decisions. See <u>Rodriguez</u>, 239 F.3d at 274 (1st Cir. 1998); see also 28 U.S.C. § 2255(3)

**The petitioner contends that the district court has the authority to apply <u>Booker/Fanfan</u> retroactively to defendants whose Sixth Amendment rights to trial by jury were violated.**

The Supreme Court recognized a 'new rule of criminal law' in <u>Blakely v. Washington</u>, which interpreted the 'relevant statutory maximum for <u>Apprendi</u> purposes' as being the maximum of the prescribed guideline range based on the facts proven to a jury or admitted in a plea.

The petitioner was sentenced pursuant to 'unconstitutional provisions of the the U.S.S.G.', and without consideration of the factors in § 3353(a); thereby, resulting in a violation of the Fourteenth Amendment's Equal Protection Clause and the Sixth Amendment right to trial by jury due to the relevant conduct determination of drug quantity, which was not in his plea or indictment, nor admitted to.

The petitioner contends that at the least, he has shown a substantial denial of a constitutional right; thereby, satisfying the criteria for a Certificate of Appealability. The language in 28 U.S.C. § 2253 imposes no conditions on the court in reviewing a 'new rule of law' as determined by the U.S. Supreme Court. The court cannot deny that Apprendi, Blakely, Booker/Fanfan are new substantive rules of criminal procedure. See Darity v. United States, 124 F. Supp.2d 355 (WDNY 2001); Ashley v. United States, (7th Cir. 2000). The lower courts have the authority and the knowledge to determine if a new rule should be applied retroactively.

The U.S. Supreme Court clarified this position in Tyler v. Cain, 533 U.S. at 666 (Justice O'Connor explained that the court "makes" a new rule retroactive through multiple holdings that logically dictate the retroactivity of a new rule.) After Apprendi v. New Jersey, Ring v. Arizona, Blakely, and Shriro v. Summerlin, the 'preponderance of the evidence standard' had been questioned and ruled unconstitutional in reference to the guidelines due to the inaccuracy of obtaining a fair conviction and/or sentence as it applies to facts which increase punishment beyond what is authorized by the jury's verdict alone without any additional findings.

As the First Circuit observed in Rodriguez, 239 F.3d at 274 (1st Cir. 1998), under Teague:

> "in the absence of a direct statement by the Supreme Court, the lower courts were free to determine, in the first instance, whether a particular rule of constitutional law merited retroactive application and thus to determine whether (and, if so, to what extent) a habeas petitioner might take refuge in a new rule of constitutional law."