```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

MANUEL O. RIVERA,              )
        Petitioner,            )
                               )    Civil Action No. 05-10386-NG
        v.                     )
                               )
UNITED STATES OF AMERICA,      )
        Respondent.            )
```

**GOVERNMENT'S OPPOSITION TO AND MOTION TO DISMISS**
**RIVERA'S SECOND SECTION 2255 MOTION**

Now comes the United States of America, by and through the undersigned counsel, and submits herewith its Opposition to and Motion to Dismiss Manuel O. Rivera's Second Section 2255 Motion. In support of its opposition and motion to dismiss, the government sets forth the following:

1.  As acknowledged in his latest Section 2255 motion, Manuel O. Rivera ("Rivera"), an attorney in his native Dominican Republic, filed his first Section 2255 motion on or about November 19, 2002 (02-CV-12296-NG). The sole claim raised in Rivera's first Section 2255 motion was that he had been denied effective assistance of counsel. In a Memorandum and Order dated February 4, 2005, Rivera's original Section 2255 motion was denied and dismissed by this Court as "wholly without merit." Although this Court later issued Rivera a certificate of appealability, the Court of Appeals denied his application for such a certificate on October 26, 2004, finding that he had not demonstrated ineffective assistance of counsel for the reasons cited in this Courts February 5, 2004 Memorandum and Order.

2. On or about February 28, 2005, the government received electronic notification of Rivera's current Section 2255 motion, which was docketed as having been filed that same day. In it, Rivera claims that his sentence should be vacated in the wake of the Supreme Court's decision in United States v. Booker, 2005 WL 50108 (2005). The next day, on March 1, 2005, this Court issued an Order directing the government to respond to Rivera's latest motion within 20 days. Underscoring the fact that this is a distinct and successive Section 2255 petition, the Court assigned it a new docket number (05-CV-10386-NG).

3. Rivera's second Section 2255 motion is without merit. However, it is not necessary to address the merits of his latest motion since it must be dismissed because Rivera has not obtained, let alone applied for, the appropriate certificate from the Court of Appeals and because no such certificate will be issued by the First Circuit Court of Appeals given the current state of the law.

4. In order for a defendant to file a second or successive Section 2255 motion, a panel of the First Circuit Court of Appeals has to certify the case as appropriate. Rivera has not applied for such a certificate, let alone applied for one.

5. Nor is there any reason to believe that Rivera will obtain permission from the First Circuit Court of Appeals to pursue a second or successive Section 2255 motion based on Booker. The gatekeeping provisions of Section 2255 require that a "second or

successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, **made retroactive to cases on collateral review by the Supreme Court**, that was previously unavailable." 28 U.S.C. § 2255 ¶ 8(2) (emphasis added).

6.   Several Circuit Courts of Appeal have already ruled that Booker is not retroactively applicable to cases (like Rivera's) that became final before that decision was announced.  See McReynolds v. United States, 397 F.3d 479, 2005 WL 237642 (7th Cir. Feb.2, 2005); Green v. United States, 397 F.3d 101, 2005 WL 237204, at *1 (2d Cir. Feb.2, 2005) (per curiam); In re Anderson, 396 F.3d 1336, 2005 WL 123923, at *3-4 (11th Cir. Jan.21, 2005).

7.   Moreover, in Tyler v. Cain, 533 U.S. 656 (2001), the Supreme Court held that a virtually identical gatekeeping provision governing collateral attacks by state prisoners, 28 U.S.C. § 2244(b)(2)(A), means that the Supreme Court *itself* must have isued a decision making the new rule retroactive to cases on collateral review before a court of appeals may authorize the filing of a successive collateral attack.  Because the Supreme Court has not ruled that Booker may be applied retroactively to cases on collateral review, Rivera should not be able to raise a Booker claim in a second or successive Section 2255 motion.

8.   The First Circuit Court of Appeals said as much in an unpublished order denying a petitioner leave to file a successive

motion based on Booker.  On February 9, 2005, in In re Frank Porter, Appeal No. 05-1138, the Court ruled:

> We deny leave to file a habeas petition based on Blakely or Booker because, under the relevant gatekeeping provision, a new rule of law can form the basis for a second or successive habeas petition only if that rule is "made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. § 2255, para. 8(2).  Even assuming, without deciding, that Blakely and Booker announce "a new rule of consitutional law . . . that was not previously available," id., to date, the Supreme Court has not declared its rulings in either Blakely or Booker to be retroactive to cases on collateral review.  Therefore, Porter may not rely on those decisions as a ground for filing a second or successive petition to vacate his federal sentence.  See Cuevas v. Derosa, 386 F.3d 367, 367-68 (1st Cir. 2004) (denying leave to file second or successive habeas petition based on Booker); see generally Tyler v. Cain, 533 U.S. 656, 663 (2001) (explaining that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive") (citation omitted).

For all the foregoing reasons, the government respectfully submits that Rivera's instant Section 2255 motion should and must be dismissed.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:  *s/Patrick M. Hamilton/*
    Patrick M. Hamilton
    Assistant U.S. Attorney
    1 Courthouse Way
    Suite 9200
    Boston, MA 02210
Date:   March 1, 2005    (617)748-3251

**CERTIFICATE OF SERVICE**

I, Patrick M. Hamilton, do hereby certify that a copy of the

foregoing was served by first-class mail upon Manuel O. Rivera, FCI Fort Dix, 22522-038, Unit 5803-West, P.O. Box 7000, Fort Dix, New Jersey 08640.

Date:    March 2, 2005                    *s/Patrick M. Hamilton/*
                                           Patrick M. Hamilton